UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAVO PIZZA ENTERPRISES, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>YOSSEF AZIZO and KOSHER BRAVO PIZZA L.L.C.,<br><br>                Defendants. | **TEMPORARY RESTRAINING ORDER**<br>23-CV-04540 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

       The Court previously entered a temporary restraining order prohibiting Defendants from using Plaintiff's registered trademarks related to the name "Bravo Pizza" and "Bravo Kosher Pizza," along with an unregistered logo that Plaintiff uses in connection with those registered trademarks (collectively, the "Trademarks"). ECF No. 25. According to that temporary restraining order, Defendants were required to cease using Plaintiff's Trademarks on any outdoor signage or website associated with Defendants' pizza store located at 902 Kings Highway, Brooklyn, New York (the "Brooklyn Pizza Store"), no later than 11:59pm Eastern time on August 17, 2023. *Id.* Plaintiff has presented a photograph showing that Defendants have purported to comply with this order by removing a single letter from the Brooklyn Pizza Store's outdoor sign, so that it reads "Ravo Pizza." ECF No. 27 at 3. The name associated with Defendants' business on Google Maps has similarly changed to "Ravo Kosher Pizza," *see id.*, thereby suggesting that Defendants may intend to make similar changes to the website associated with the Brooklyn Pizza Store, which as of the date of this order, has been suspended.[1]

---

[1]     *See* BRAVO KOSHER PIZZA (last visited Aug. 16, 2023, 11:07 AM), https://perma.cc/BE6L-L2EZ.

Based on Plaintiff's submission, the Court finds that Defendants have not been attempting in good faith to comply with the Court's temporary restraining order and that good cause exists both to modify the temporary restraining order and, pursuant to Rule 65(b)(2), to extend the duration of the temporary restraining order until 14 days from the date of this order. Plaintiff has established a likelihood of succeeding on the merits of, at minimum, its claims for trademark infringement under the Lanham Act, along with its claim for breach of a written license agreement between Plaintiff and Defendant Azizo because: (i) Plaintiff has presented the Court with a letter terminating the parties' license agreement, which appears to comply with the terms of the parties' agreement, *see* ECF No. 10-2 at 17–25; (ii) Plaintiff's photographic evidence shows that Defendants continue to use marks that are confusingly similar to Plaintiff's Trademarks at the Brooklyn Pizza Store, *see* ECF No. 27 at 3; and (iii) photographic evidence previously submitted by Plaintiff, along with Defendants' response, indicate that Defendants were using Plaintiff's Trademarks less than two weeks ago at Defendants' separate pizza store in Woodridge, New York, *see* ECF Nos. 23 & 24.

Since Plaintiff has demonstrated a likelihood of success on the merits for at least some of its trademark-related claims, Plaintiff is "entitled to a rebuttable presumption of irreparable harm" pursuant to the Trademark Modernization Act of 2020. *Guru Teg Holding, Inc. v. Maharaja Farmers Market, Inc.*, No. 22-cv-1375, 2022 WL 3045038, at *3–4 (E.D.N.Y. Aug. 2, 2022) (citing 15 U.S.C. § 1116(a)) (granting preliminary injunction because defendant had failed to rebut presumption of irreparable harm); *Hope Organics LLC v. Preggo Leggings LLC*, No. 21-cv-2416, 2021 WL 5919367, at *12 (S.D.N.Y. Dec. 15, 2021) (granting preliminary injunction for same reason). Defendants have failed to rebut the statutory presumption of irreparable harm. Additionally, Defendants' recent purported efforts to comply with the Court's temporary restraining order demonstrate the need for a modified order that prohibits Defendants from using

2

marks that are confusingly similar to Plaintiff's Trademarks. *Guru Teg Holding*, 2022 WL 3045038, at *9 (entering preliminary injunction against not only using plaintiff's trademarks, but also "any other mark or name likely to cause confusion").

The Court therefore ORDERS that Defendants:

i. Shall cease using Plaintiff's Trademarks, or any other mark or name likely to cause confusion with Plaintiff's Trademarks, on any outdoor signage or website associated with Defendants' Brooklyn Pizza Store no later than 11:59pm Eastern time on August 21, 2023;

ii. Shall make all reasonable efforts to remove, or block from customers' view, all other use of Plaintiff's Trademarks, or any other mark or name likely to cause confusion with Plaintiff's Trademarks, at the Brooklyn Pizza Store no later than 11:59pm Eastern time on August 21, 2023; and

iii. Shall not intentionally use Plaintiff's Trademarks, or any other mark or name likely to cause confusion with Plaintiff's Trademarks, within the view of Defendants' customers, at any other location at which Defendants do business, including but not limited to Defendants' pizza store in Woodridge, New York and Defendants' bagel store located at 904 Kings Highway, Brooklyn, New York.

Defendant Azizo shall file a declaration, made under penalty of perjury pursuant to 28 U.S.C. § 1746, on or before August 24, 2023, describing Defendants' efforts to comply with this order and shall include with that declaration photographs that attempt to demonstrate Defendants' compliance with the order. This temporary restraining order shall expire at 12:00pm Eastern time on August 30, 2023, unless extended by a subsequent order of the Court.

SO ORDERED.

      */s/ Hector Gonzalez*
      HECTOR GONZALEZ
      United States District Judge

Dated: Brooklyn, New York
      August 16, 2023, 2:30pm