UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRAVO PIZZA ENTERPRISES, INC.,

               Plaintiff,

        v.

YOSSEF AZIZO and KOSHER BRAVO PIZZA L.L.C.,

               Defendants.

**ORDER**
23-CV-04540 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Previously, the Court entered a temporary restraining order that prohibited Defendants from using Plaintiff's various trademarks, along with any other mark or name likely to cause confusion with Plaintiff's trademarks. ECF No. 29. The Court later converted that temporary restraining order into a preliminary injunction. ECF No. 34. The parties had originally been negotiating to resolve their dispute about Defendants' use of Plaintiff's trademarks without the need for injunctive relief. However, that resolution was derailed once Plaintiff learned that Defendant Azizo had filed a declaration that clearly misrepresented that Defendants had stopped using Plaintiff's trademarks at one of Defendants' business locations. *See* ECF No. 19.

Defendant Azizo's false declaration, coupled with the Court's finding that Defendants' initial efforts to comply with the temporary restraining order were not made in good faith, led the Court to direct Plaintiff to file a letter documenting the attorneys' fees that Plaintiff incurred during its motion for injunctive relief. ECF No. 34. The Court further ordered Defendants to explain why the Court should not require them to pay those attorneys' fees and costs to Plaintiff pursuant to the Court's civil contempt power authorized by Rule 70, 18 U.S.C. § 401(3), or the Court's inherent authority. *Id.* After considering the parties' submissions on this issue, the Court declines to award attorneys' fees or impose any other sanction. *See* ECF Nos. 32, 38, 41.

The Court is not required to impose sanctions in every instance that it concludes a party has engaged in sanctionable conduct. "The imposition of sanctions pursuant to a court's inherent authority is truly discretionary," and "the Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (affirming district court's decision not to impose sanctions pursuant to its inherent authority).[1] The same principle applies to a court's decision to impose contempt sanctions: "the district court has broad discretion in fashioning coercive remedies, including declining to award sanctions." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 130 (2d Cir. 2021) (affirming district court's decision not to impose sanctions pursuant to contempt authority). Finally, although the Court's prior order did not identify Rule 11 as a potential basis for sanctions, even if the Court were to find that the statements in Defendant Azizo's declaration violated Rule 11, "the decision whether or not to impose sanctions is a matter for the court's discretion." *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-885, 2019 WL 422613, at *2 (S.D.N.Y. Feb. 4, 2019) (declining to impose Rule 11 sanctions).

The Court's assessment of whether Defendants should be required to pay Plaintiff's attorneys' fees was a close call. The Court will not accept further misrepresentations by Defendants and will not hesitate to impose sanctions if it determines that Defendants have engaged in gamesmanship related to their obligations under the preliminary injunction or any other Court order. However, although Defendants initially resisted compliance with the Court's temporary restraining order, the Court's preliminary injunction has now been in place for several months without any indication that Defendants have committed any material violation of the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

injunction. Based on Defendants' conduct as a whole, the Court exercises its discretion not to impose any sanctions on Defendants and, therefore, declines to award Plaintiff any attorneys' fees.

The Court reminds the parties that it directed them to file a joint letter every 90 days from the date of the preliminary injunction order, and within 14 days of receiving a final decision from their arbitrator, describing for the Court the status of the parties' arbitration proceedings. The parties' next joint letter is due on February 26, 2024.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
        January 5, 2024