

ACKnowledge IP P.C.
6800 Jericho Tpke
Suite 120W
Syosset, NY  11791
631.970.7060
ACKnowledgeIP.com

Paul D. Ackerman
+1.516.376.4046 (Mobile)
paul@acknowledgeIP.com

July 17, 2025

Via ECF

Hon Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Bravo Pizza Enterprises, Inc. v. Yossef Azizo et al.,* 1:23-cv-04540-HG

Your Honor:

Further to this Court's order of July 11, 2025, the parties hereby submit this joint letter regarding case management.

**Case Status:**

The above-referenced proceeding commenced on June 20, 2023.

Recently, by letter on May 27, 2025, Bravo Pizza Enterprises, Inc. ("Plaintiff" or "Bravo") advised the Court that the parties had reached a settlement in principle. ECF No. 72. On May 27, 2025, the Court dismissed the instant proceeding "for administrative convenience only" with leave to reopen the case if the parties' settlement was not finalized by July 11, 2025 (the "Administrative Closure Order"). The parties were unsuccessful in settling by the Court-ordered deadline for various reasons.

Prior to the Administrative Closure Order:

(1) the parties completed an arbitration proceeding regarding certain breach of contract claims related to 902 Kings Highway (the "Arbitration") in furtherance of this Court's August 29, 2023 order (ECF. 34)("Order to Compel").

(2) the Arbitration resulted in a Final Award dated November 20, 2024.

(3) once the Arbitration proceeding was completed, this Court lifted the stay on this proceeding in August 2024 (ECF No. 48).

(4) Plaintiff filed amended complaints on September 12, 2024 (ECF No. 49) and November 11, 2024 (ECF No. 57). Defendant filed two (2) motions to dismiss each amended complaint on December 9, 2024 (ECF No. 59) and April 28, 2025 (ECF No. 69). Neither motion to dismiss has been decided substantively by this Court, as discussed in further detail below.

(5) The parties participated unsuccessfully in the Court-annexed Mediation Program beginning December 17, 2024 until April 16, 2025.

(6) Bravo commenced a state court action in New York County Supreme on December 4, 2024, *Bravo Pizza Enterprises, Inc. v. Yossef Azizo,* Index No. 532892/2024 (the "State Court Action") to confirm the Final Award. Mr. Azizo cross-moved the state Court to deny and vacate the Final Award. On July 3, 2025, Judge Sheares indicated from the bench that she would be issuing an order denying Bravo's motion to confirm the arbitration award and granting Mr. Azizo's motion to vacate the award. Judge Sheares has not yet issued a formal order or opinion reflecting this decision or the rationale behind it.

While the Parties will need to review the order when it is issued, Bravo expects that it will appeal Judge Sheares' ruling. Until such appeal(s) are finally resolved, the status of the Arbitration and the Final Award of Arbitration are unsettled.

**Discovery Status**:

The parties have exchanged written discovery requests and provided initial production of documents.

Prior to this court's order of May 27, 2025, the parties met and conferred regarding a number of discovery deficiencies raised by Bravo. Bravo held those disputes in abeyance during settlement discussions. Now that this proceeding has reopened, the parties will revisit those issues in another meet and confer. If those issues remain unresolved, the Parties anticipate filing a motion to compel with this Court.

No depositions have yet been conducted by either party. Bravo expects to take the deposition of Mr. Azizo, Defendants' accountant, Mr. Eli Etgar, and potentially Mr. Azizo's spouse, who is believed to operate as Defendants' bookkeeper. Defendant expects to depose Kenneth Fellus, Bravo's principal, and potentially Kenneth Fellus' son who is believed to operate in a financial capacity at Bravo.

**Dispositive Motions:**

Defendants have not answered the operative complaint, being Plaintiff's second amended complaint (ECF No. 57)(the "SAC"). Instead, Defendants previously filed motions to

2

dismiss, which were administratively terminated by the Court without prejudice and leave to refile.

Defendants expect to promptly refile their motion to dismiss for failure to state a claim and for lack of jurisdiction (including *forum non conveniens*), no later than July 23, 2025. Defendants anticipate that this motion will effectively and expeditiously narrow the issues before this Court and potentially dispose of the entire case.

Bravo disagrees that Defendants' motion is likely to be successful or will materially alter the scope of the litigation.

The parties acknowledge that the Court wishes to reach a prompt resolution of this case.

Bravo believes that the counts set forth in the Second Amended Complaint are outside the scope of arbitration and are ripe for adjudication regardless of the outcome of the State Court Action and subsequent appeals. However, Defendants' motion to dismiss will contend with the implications of the Arbitration and their position that Plaintiff did not engage with the Arbitration in full compliance with this Court's Order to Compel.

Defendants respectfully request that the Court stay discovery pending a decision on Defendants' motion to dismiss, and clarity on what the Arbitration award will mean after the State Action decisions are final and non-appealable.  For example, there might a need for a new arbitration, or other arbitrability issues before this court, based on the State Action decisions.

Defendants assert that doing so would save this Court's judicial resources and time considering any potential discovery and summary judgment motions.

In the event the Court prefers for discovery to be conducted in conjunction with motion practice, Defendants and Plaintiff propose the following schedule.

**Proposed Schedule:**

| Event | Proposed Date |
|---|---|
| Defendants' deadline to Answer or file Motion to Dismiss | July 23, 2025 |
| Bravo's Opposition to Motion to Dismiss  Bravo's Second Amended Complaint (if any) | August 6, 2025 |
| Defendants Reply in support of Motion to Dismiss (if any) | August 13, 2025 |
| Parties to file Joint letter re Bravo's motion to compel addressing previously raised discovery disputes by Bravo | July 31, 2025 |

3

| Close of fact discovery | September 30, 2025 |
|---|---|
| Motions for Summary Judgment | October 24, 2025 |
| Oppositions to Motions for Summary Judgment | November 14, 2025 |
| Reply in support of Motions for Summary Judgment | November 25, 2025 |
| Case Management/Pretrial conference | TBD by the Court after November 25, 2025. |

Respectfully submitted,

By Bravo                                              By Defendants

/*Paul D. Ackerman*/                          /Michael Steinmetz/

Paul D. Ackerman                              Michael Steinmetz
ACKnowledge IP P.C.                         Garson Segal Steinmetz Fladgate LLP
6800 Jericho Tpke                              164 West 25th Street, 11th Floor
Suite 120W                                           New York, NY 10001
Syosset, NY 11791                              (212) 380-3623
631-970-7060                                      ms@gs2law.com
paul@acknowledgeip.com

cc : Counsel of record via ECF